IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES HAROLD HUGHES | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-109 |
| WARDEN PEREZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Harold Hughes, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Sergio Perez, Captain Christopher Gibson, Sergeant Tasha Sykes, Sergeant La Tarcel Collins and Major Jody Vincent. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by Defendants Collins and Vincent (doc. #28).

Factual Allegations

In his Complaint (doc. #1), Plaintiff states that on June 11, 2019, he was found guilty of the disciplinary offense of possessing 100 copies of pornographic images in Defendant Vincent's office on June 7. He asserts he has never been in Defendant Vincent's office and that he was in pre-hearing detention at the time he was supposed to be in Defendant Vincent's office. Plaintiff states the images were not in evidence at his disciplinary hearing. As a result of his disciplinary conviction, Plaintiff states he lost the privilege of working in the craft shop. He states he was therefore no longer able to earn money by working there and that a large amount of his tools and materials were stolen.

Plaintiff alleges that after he filed grievances concerning his disciplinary conviction, he learned that Defendant Sykes was using an inmate named Logan to go around and set up inmates she did not like. He states he was targeted because Defendant Collins had asked him on several

occasions to make dog houses for her for $50 and he had refused.  Plaintiff states Defendants Sykes and Collins are best friends.  In addition, he contends he was also targeted because he refused requests from officers that he make items cheaply and because he concentrates on building bridges with several communities in Houston rather than making items for officers.

Plaintiff contends that on June 6, Mr. Logan came to his cell with a folder or large envelope of pornographic images.  He tried to sell them to Plaintiff.  Plaintiff refused to buy the items and went back to sleep.  He states that minutes later, Defendant Sykes removed Plaintiff and his cell mate from the cell.  Defendant Sykes then took him to pre-hearing detention.  The next day, Plaintiff received notice of the disciplinary case described above.

Plaintiff alleges that Defendant Perez allowed staff to falsify statements and set inmates up. He also states Defendant Vincent allowed staff to write disciplinary cases which resulted in Plaintiff losing the privilege of working in the craft shop.

<u>The Motion to Dismiss</u>

Defendants Collins and Vincent assert they are entitled to have the claims against them dismissed because Plaintiff has not made any substantive claims against them.  Defendant Collins states that the only statements regarding her in the Complaint is that she asked Plaintiff to make dog houses and that she and Defendant Sykes are best friends.  Defendant Vincent states that the only allegation against him is that he allowed staff to write disciplinary cases against Plaintiff.

<u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.  A plaintiff must

plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under Section 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Id*.

Plaintiff's allegations against Defendant Collins simply fail to allege a constitutional violation. An officer asking an inmate to make something for them in the craft shop does not violate the Constitution. As a result, Plaintiff's allegations regarding Defendant Collins fail to state a claim upon which relief may be granted.

Plaintiff alleges Defendant Vincent allowed staff to write disciplinary cases against him. This allegation is conclusory in nature and Plaintiff fails to allege specific facts to support it. As set forth above, conclusory allegations are insufficient to prevent a claim from being dismissed.

With respect to certain of the Defendants, Defendant Vincent is a supervisory official and Plaintiff may be attempting to hold him responsible for the actions of his subordinates. However, under Section 1983 supervisory officials are not liable for the actions of their subordinates under any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and is the moving force behind the constitutional violation. *Id*. Plaintiff has not alleged facts demonstrating Defendant

Vincent implemented a policy that repudiated constitutional rights and was the moving force behind the constitutional violation alleged in the Complaint. Plaintiff has therefore failed to state a claim against defendant Vincent upon which relief may be granted.

Recommendation

The Motion to Dismiss filed by Defendants Collins and Vincent should be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 6th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE